UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-17-08936-MWF (RAOx)          **Date:** April 24, 2018
**Title:** Anqin Wang v. California Investment Immigration Fund, LLC, et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
|---|---|
| Attorneys Present for Plaintiff:<br>None Present | Attorneys Present for Defendant:<br>None Present |

**Proceedings (In Chambers):** ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT [31]; MOTION FOR ORDER ENTERING DEFAULT OF DEFENDANTS TAT CHAN AND FANG ZENG OR, IN THE ALTERNATIVE, FOR SERVICE BY PUBLICATION [33]

    Before the Court is Plaintiff Anqin Wang's Application for Default Judgment (the "Application") against Defendants Victoria Chan, California Investment Immigration Fund, LLC, the Harris Law Group USA, LCC, and the Harris Group LP (together, the "Defaulting Defendants") filed on March 14, 2018. (Docket No. 31). Also before the Court is Plaintiff's Motion for Order Entering Default of Defendants Tat Chan and Fang Zeng or, in the Alternative, for Service by Publication (the "Motion), filed on March 20, 2018. (Docket No. 33). No oppositions to the Application or Motion were filed.

    The Court has read and considered the Complaint and the papers filed in connection with the Application and the Motion, and held a hearing on **April 23, 2018**. At the hearing, Plaintiff's counsel indicated he has had no contact with the Defaulting Defendants or anyone purporting to represent them.

    For the reasons set forth below, the Application for Default Judgment is **GRANTED**. Plaintiff has satisfied all the procedural and substantive requirements for a default judgment. As discussed at the hearing, a separate Judgment will issue upon resolution of this action with respect to the other Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-17-08936-MWF (RAOx)  Date:  April 24, 2018
Title:   Anqin Wang v. California Investment Immigration Fund, LLC, et al.

The Motion is **GRANTED** in part.  Plaintiff has demonstrated reasonable diligence in his attempts to serve Defendants Fang Zeng and Tat Chan, but has not demonstrated that default should be entered.  Accordingly, Plaintiff is **ORDERED** to serve Defendants Tat Chan and Fang Zeng by publication.

**I.    BACKGROUND**

The Complaint contains the following allegations, which are accepted as true for purposes of the Motion.  *See* Fed. R. Civ. P. 8(b)(6); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) ("[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (internal quotation marks and citations omitted).

Plaintiff is a Chinese national who wished to move to the United States via the EB-5 Visa Program.  (Compl. ¶ 3).  Defendants are alleged to have fraudulently induced Plaintiff to invest in bogus enterprises created and maintained by Defendants, and then absconded with Plaintiff's $500,000 in capital investment funds and $40,000 in administrative fees.  (*Id.* ¶ 4).

Defendant California Investment Immigration Fund, LLC ("CIIF") is a California Limited Liability Company.  (*Id.* ¶ 8).  The United States Citizenship & Immigration Services ("USCIS") recognized CIIF as a Regional Center authorized to sponsor EB-5 projects.  (*Id.*).  Defendants fraudulently induced Plaintiff to contribute capital investments into various CIIF sponsored EB-5 projects.  (*Id.*).

Defendant Victoria Chan is an attorney licensed to practice in California and is the sole practitioner and owner of Defendant Harris Law Group USA.  (*Id.* ¶ 9).  Victoria Chan acted as an attorney for the Plaintiff and filed I-526 immigration forms on his behalf.  (*Id.*).  Victoria Chan also was the attorney who helped CIIF obtain Regional Center status and participated in drafting other fraudulent documentation.  (*Id.*).

Defendant Tat Chan has at all times acted as the principal and general partner of CIIF, and is alleged to be the criminal mastermind behind the fraudulent scheme.  He

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-17-08936-MWF (RAOx)  Date: April 24, 2018
Title:    Anqin Wang v. California Investment Immigration Fund, LLC, et al.

arranged for his daughter, Victoria Chan, to provide legal services for Plaintiff's EB-5 visa application and made various false representations to Plaintiff to induce him to invest. (*Id.* ¶ 10). Defendant Zheng Chan is Victoria Chan's mother, and is alleged to have had knowledge of the scheme and to have actively promoted the false EB-5 visa projects, deceived Plaintiff, and perpetrated the fraudulent scheme. (*Id.* ¶ 11). Defendant Fang Zeng is a companion of Tat Chan who is also alleged to have actively and knowingly participated in the fraudulent scheme. (*Id.* ¶ 12).

Defendants Harris Law Group USA, LLC and the Harris Group LP are sham entities operated, owned, and controlled by Defendants to aid in defrauding the Plaintiff. (*Id.* ¶ 13). Together, Defendants are alleged to have created, owned, operated, and managed a number of companies related to Harris Law Group USA and CIIF that were used in furtherance of the fraudulent scheme. (*Id.* ¶¶ 13, 14).

Specifically, Defendants represented to Plaintiff that his funds would be held in escrow until his I-526 immigration petition was approved by the United States, at which point his funds would be used for the development costs of an EB-5 project. (*Id.* ¶ 5). Instead, Defendants diverted the funds to multiple bank accounts in their control, and spent the money on multiple real properties, luxury cars, and other items for their own personal use. (*Id.* ¶ 6). None of Plaintiff's funds were ever used to develop EB-5 projects. (*Id.* ¶ 7).

Defendants targeted Plaintiff and other Chinese nationals for whom English was not a first language. (*Id.* ¶ 16). From 2012 to 2015, Defendant Victoria Chan promised Plaintiff that his payments to CIIF were put into qualified investments in valid EB-5 projects that would result in Plaintiff obtaining a green card as well as a return on his investment. (*Id.*). Defendants also falsely promised Plaintiff that his investments would be refunded if his I-526 petition was denied. (*Id.* ¶ 17). Tat Chan and Victoria Chan fraudulently induced Plaintiff to sign a number of immigration forms and agreements; often Defendants would give the Plaintiff documents that were only in English, or even have Plaintiff sign empty documents that they would fill out later after execution. (*Id.* ¶¶ 23-25). Plaintiff's signatures on these forms constituted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-17-08936-MWF (RAOx)**                **Date:  April 24, 2018**
**Title:**      Anqin Wang v. California Investment Immigration Fund, LLC, et al.

sales of securities.  (*Id.* ¶ 26).  Defendants also forged Plaintiff's signature on U.S. Immigration forms to further perpetuate this fraudulent scheme.  (*Id.* ¶ 20).

Defendants' misrepresentations were substantial factors in Plaintiff's decisions to (1) hire and retain Victoria Chan as his attorney to represent him in the visa process; and (2) to pay Defendants $500,000 in capital investment funds, $40,000 in administrative fees, and $20,000.00 in legal fees.  (*Id.* ¶ 18).  To date, Plaintiff has not received or recovered any of these funds whatsoever.  (*Id.* ¶ 27).

The Immigration and Nationality Act ("INA") created the EB-5 category of visas for qualified foreign nationals who contribute to the economic growth of the United States by investing in U.S. businesses and creating jobs for U.S. workers.  (*Id.* ¶¶ 28-30).  Applicants must invest $1,000,000 or $500,000 in a new commercial enterprise in the United States, and further demonstrate that there is an actual undertaking of business activity that puts the capital contribution at risk.  (*Id.* ¶¶ 30-37).  When Plaintiff first applied via the EB-5 program there was no significant wait time for these visas to become available.  (*Id.* ¶ 38).  However, since then the program has become much more popular.  (*Id.*).  If Plaintiff wished to reapply today then he could face an eight- to ten-year waiting period for a visa and then have to wait another two years to gain lawful permanence residence.  (*Id.*).

The United States government is currently pursuing several civil forfeiture actions against various properties acquired by Defendants with stolen funds.  (*Id.* ¶ 21).

Based on the facts described above, Plaintiff asserts the following seven claims for relief in the Complaint:

1. Violation of Section 10(b) of the Securities and Exchange Act of 1934, and Rule 10b-5, against all Defendants;
2. Intentional Misrepresentation, against Tat Chan and Victoria Chan;
3. Fraudulent Concealment, against Tat Chan and Victoria Chan;
4. Negligent Misrepresentation, against Tat Chan and Victoria Chan;
5. Breach of Fiduciary Duty, against Victoria Chan;
6. Conversion, against all Defendants; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-08936-MWF (RAOx)          Date:  April 24, 2018
Title:     Anqin Wang v. California Investment Immigration Fund, LLC, et al.

      7. Breach of Contract, against Tat Chan, Victoria Chan, CIIF, and the Harris Group, LP.

## II. DISCUSSION OF APPLICATION FOR DEFAULT JUDGMENT

The Court first addresses Plaintiff's Application for Default Judgment against the Defaulting Defendants.

### A. Service and Other Procedural Requirements

Having reviewed the filings in this action, the Court is satisfied that Plaintiff has met all procedural requirements for obtaining a default judgment against the Defaulting Defendants.

Plaintiff filed Proofs of Service indicating that all Defaulting Defendants were served with the Summons and Complaint in this action pursuant to "Fed. R. Civ. P. 5(b)(2)(B) and (C)." (Docket No. 27). However, it is Rule 4, not Rule 5, which sets forth the requirements for effecting service of the Summons and Complaint. Nonetheless, based on the information provided in the Proofs of Service, the Court is satisfied that on February 9, 2018, each of the Defendants were properly served in accordance with Federal Rule of Civil Procedure 4(e)(2)(A) and 4(h)(1)(B). (*Id.*).

Specifically, on January 18, 2018, Plaintiff's service processor personally served Victoria Chan outside a home located at 3 Larry Beard, South El Monte, California, with the summons and Complaint. (*Id.*, Ex. A). Victoria Chan is also the designated agent for service of process for CIIF, the Harris Law Group USA, LLC, and the Harris Group LP. (*Id.*, Exs. B-D). Plaintiff's process server personally served Victoria Chan with the summons and complaint for the remaining three Defaulting Defendants on the same day and at the same time that she was personally served in her own name. (*Id.*). Therefore, the Court is satisfied that all Defaulting Defendants have been properly served with the summons and complaint in accordance with Rule 4.

As a matter of discretion, the Court also requires that a plaintiff serve an application for default judgment on the relevant defendant(s). The Court does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-17-08936-MWF (RAOx)**           **Date:  April 24, 2018**
**Title:**     Anqin Wang v. California Investment Immigration Fund, LLC, et al.

require service under Rule 4, but does require that the service is reasonably likely to provide notice to the defendants.  On March 14, 2018, Plaintiff filed a Proof of Service indicating that the Application and supporting documents were served on all Defaulting Defendants by mail, care of Victoria Chan.  (Docket No. 32).  In addition, letters notifying each Defaulting Defendant of the Application were sent to each Defaulting Defendant's last known address.  (Declaration of Counsel Jack G. Cairl ("Cairl Declaration") ¶ 6 (Docket No. 31-3)).  The Court is therefore satisfied that Defaulting Defendants have notice of this Application.

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a).  Upon review of the record and the documents filed in connection with the Application, all five of the procedural requirements imposed by Federal Rule of Civil Procedure 55 and Local Rule 55-1 are met: (1) the Clerk entered default against the Defaulting Defendants on February 12, 2018; (2) Defaulting Defendants failed to respond to the Complaint; (3) Plaintiff has served Defaulting Defendants with notice of the Application in a manner deemed appropriate by the Court; (4) Defaulting Defendants are not infants or incompetent persons; and (5) Defendants are not in the military, so the Service Members Civil Relief Act does not apply.  (*See* Docket Nos. 27-29, 31-32; Cairl Declaration ¶¶ 5, 6).

Accordingly, the Application is procedurally sound.

### B. The *Eitel* Factors

The choice as to whether a default judgment should be entered is at the sole discretion of the trial court.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The Ninth Circuit has determined that a court should consider seven discretionary factors before rendering a decision on motion for default judgment.  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

The seven factors are: (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the Complaint, (4) the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-17-08936-MWF (RAOx)**            **Date:  April 24, 2018**
**Title:**     Anqin Wang v. California Investment Immigration Fund, LLC, et al.

sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring a decision on the merits. (*Id*.).  If the Court determines that default judgment is appropriate, it may consider extrinsic evidence or conduct an evidentiary hearing in determining the amount of damages.  Fed. R. Civ. P. 55(b)(2).

The Court determines that, with the exception of the strong policy favoring a decision on the merits, which is not dispositive, the *Eitel* factors weigh in favor of granting the Application as to the claims under Rule 10b-5, intentional misrepresentation, negligence, and concealment.  These claims support Plaintiff's requested damages and injunction.  Therefore, the Court has no occasion to evaluate the remaining claims.

### C.   Remedies

Having determined that entry of default judgment is appropriate, the Court must next consider remedies.  Plaintiff seeks special and punitive damages and injunctive relief.  By the Complaint, Plaintiff sought total monetary damages of "no less than $1,800,000", including special damages of $560,000 and all other damages.  (Compl. at 20).  The Application seeks total damages of $1,820,000, including $560,000 in special damages and $1,260,000 in punitive damages.

Plaintiff's request is proper because, once adjusted as described below, it does not "differ in kind from, or exceed in amount, what is demanded in the pleadings." *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1051 (N.D. Cal. 2010) (quoting Fed. R. Civ. P. 54(c)).

#### 1.   Damages

Plaintiff seeks special damages in the amounts he invested or spent on Defendants' fraudulent scheme, as well as punitive damages commensurate with those amounts.  In the Application, Plaintiff seeks a total of $560,000.00 in special damages, equivalent to the amount he paid to Defendants in investments and legal and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-17-08936-MWF (RAOx)**                 **Date:  April 24, 2018**
**Title:     Anqin Wang v. California Investment Immigration Fund, LLC, et al.**

administrative fees, plus interest. (App. at 12). He also seeks punitive damages in the amount of $1,260,000 due to the egregious nature of the Defendants' actions. (*Id.*). Because the Complaint sought $1,800,000 in total, the Court will limit the award to that amount.

Accordingly, the Court awards $560,000.00 in special damages and $1,240,000.00 in punitive damages, for a total monetary damages award of **$1,800,000.00.**

### 2. Injunctive Relief

Plaintiff seeks an injunction enjoining the Defaulting Defendants and their agents from disposing of any proceeds, assets, or real property; stripping equity in real property; or transferring any money out of any bank accounts they control without a Court order authorizing such a transaction. (App. at 12). Plaintiff seeks such relief in order to prevent Defendants from continuing to divert illegally obtained proceeds of their fraudulent scheme. (*Id.*).

In order to obtain injunctive relief, Plaintiff must show that (1) he has suffered an irreparable injury; (2) remedies available at law are inadequate to compensate for injury; (3) the balance of hardships favors such relief; and (4) the public interest is not disserved by an injunction. *Geertson Seed Farms v. Johanns*, 570 F.3d 1130, 1136 (9th Cir. 2009).

Plaintiff has demonstrated that he suffered injuries in the form of disruption to his life and plans that cannot be fully corrected with the award of monetary damages. Given the nature of Defendants' conduct, Plaintiff has also demonstrated that, absent entry of the requested injunction, Defendants will likely continue to harm Plaintiff by diverting the illegally obtained funds and preventing Plaintiff from recovering his stolen funds. Ensuring that Defendants do not further profit from illegal activity is in the public interest. (App. at 12). The Court therefore finds that such an injunction is appropriate and **GRANTS** the request for an injunction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-08936-MWF (RAOx)            Date:  April 24, 2018
Title:     Anqin Wang v. California Investment Immigration Fund, LLC, et al.

**III.    DISCUSSION OF MOTION FOR ORDER ENTERING DEFAULT OF DEFENDANTS TAT CHAN AND FANG ZENG OR, IN THE ALTERNATIVE, FOR SERVICE BY PUBLICATION**

The Court now turns to Plaintiff's Motion for Order Entering Default of Defendants Tat Chan and Fang Zeng or, in the Alternative, for Service by Publication. Essentially, Plaintiff asks the Court to consider as sufficient the service on January 18, 2018, on Victoria Chan as agent for Fang Zeng and Tat Chan, thereby justifying entry of default against Fang Zeng and Tat Chan, or else to permit service on them by publication. (Mot. at 3).

On January 18, 2018, a private investigator hired by Plaintiff's counsel to locate and serve legal process on the defendants in this action, personally served Victoria Chan, as described above, in addition to the entities for which she is the designated agent for service of process. (Declaration of Linda Larsen ("Larsen Declaration") ¶¶ 1-3 (Docket No. 33-1)). The investigator also served Victoria Chan with the legal process for Defendants Fang Zeng and Tat Chan. Victoria Chan took all the papers and said "okay." (*Id.* ¶ 3).

The investigator also made extensive efforts to locate Defendants Fang Zeng and Tat Chan by searching California public records, official and proprietary databases, county clerks' filings, court dockets, social media, and so on. (*Id.* ¶ 4). These searches revealed numerous collection matters against Tat Chan. (*Id.*). The investigator traveled to Tat Chan's and Fang Zeng's many previous addresses and the addresses for companies with which they were associated. The investigator was unable to locate them at any of these addresses. (*Id.* ¶¶ 7-13).

Based on these efforts, as well as the facts that there are several civil forfeiture actions pending against Defendants' properties in this Court and that Victoria Chan recently pled guilty in this District to Conspiracy to Commit Visa Fraud, Conspiracy to Commit Wire Fraud, and International Promotional Money Laundering in *United States v. Chan*, No. CR 17-153-CJC, Plaintiff's inference that Defendants Tat Chan and Fang Zeng are evading service is reasonable. (*See* Mot. at 1, 3-4).

---

**CIVIL MINUTES—GENERAL**                                                                9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-08936-MWF (RAOx)                Date:  April 24, 2018
Title:       Anqin Wang v. California Investment Immigration Fund, LLC, et al.

    However, contrary to Plaintiff's argument (Mot. at 5-6), it does not appear Tat Chan and Fang Zeng were served in compliance with California Code of Civil Procedure section 415.20 because the address at which their legal process was left with Victoria Chan – 3 Larry Beard, South El Monte – is not indicated to be their office, usual mailing address, dwelling house, or usual place of abode.  *See* Cal. Code Civ. Proc. § 415.20.  The Court therefore declines to enter default against Tat Chan and Fang Zeng.  It may be reasonable to infer they have notice of this lawsuit, but Plaintiff has not demonstrated that they were served in compliance with federal or California standards.

    Instead, the Court will permit Plaintiff to serve them by publication.  A plaintiff may effect service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  Under California law, a summons may be served by publication "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another specified manner."  Cal. Code Civ. Proc. § 415.50(a)(1).  "The term 'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney."  *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5, 42 Cal. Rptr. 2d 81 (1995) (internal quotation marks omitted).  "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant . . . ."  *Id.*  (internal quotation marks omitted).

    Plaintiff has demonstrated reasonably diligence through the efforts of his counsel and the investigator hired by his counsel.  The investigator conducted extensive surveillance and searches and visited several different addresses in the effort to locate Fang Zeng and Tat Chan.

    Because Plaintiff has demonstrated reasonable diligence as required under California law, Plaintiff is **ORDERED** to effect service by publication in California pursuant to California Code of Civil Procedure section 415.50(2)(b) and California Government Code section 6064.  Service shall be deemed complete the 28th day from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV-17-08936-MWF (RAOx) | **Date:** April 24, 2018 |
| **Title:** Anqin Wang v. California Investment Immigration Fund, LLC, et al. | |

the first day of publication.  Cal. Gov't Code § 6064.  Plaintiff is further **ORDERED** to file proof of such service upon completion.

## IV. CONCLUSION

For the foregoing reasons, the Application for Default Judgment is **GRANTED**.  A separate Judgment will issue at a later time.

The Motion for Order Entering Default of Defendants Tat Chan and Fang Zeng or, in the Alternative, for Service by Publication is **GRANTED** in part.  Plaintiff is **ORDERED** to serve Defendants Tat Chan and Fang Zeng by publication.

IT IS SO ORDERED.